Present:  Carrico, C.J., Hassell, Keenan, Koontz, Kinser, and
Lemons, JJ., and Compton, S.J.

MICAH LAVAL DORSEY                          OPINION BY
                                 SENIOR JUSTICE A. CHRISTIAN COMPTON
v.  Record No. 000566                       April 20, 2001

RONALD J. ANGELONE, DIRECTOR,
DEPARTMENT OF CORRECTIONS


          FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                     Charles E. Poston, Judge

     In this habeas corpus appeal, the dispositive question is

whether the trial court correctly ruled that a prisoner's second

petition for a writ of habeas corpus was procedurally barred

under Code § 8.01-654(B)(2), which controls the filing of

successive habeas petitions.

     On March 13, 1987, appellant Micah Laval Dorsey was

sentenced to a total of 55 years' confinement for convictions of

five felonies.  He did not appeal the judgment.

     On November 15, 1993, the prisoner filed in the original

jurisdiction of this Court a petition for a writ of habeas

corpus.  The sole ground for relief was a claim that he was

being denied "the proper amount of goodtime credits affecting

his initial discretionary parole eligibility date."

     On January 20, 1994, this Court granted the petitioner's

motion for leave "to withdraw the petition for writ of habeas

corpus" and ordered that "the same is considered withdrawn and the rule discharged."

On June 10, 1999, the prisoner filed a second habeas petition, this time in the trial court, naming the appellee as respondent.  In that petition, he assigned seven grounds for relief.  One ground alleged denial of the right of appeal due to attorney error, and the remaining six grounds alleged denial of effective assistance of counsel, for various reasons.

In a motion to dismiss on behalf of the respondent, the Attorney General contended the habeas petition was procedurally barred by Code § 8.01-654(B)(2).  He argued that when a prisoner has been granted leave to withdraw a habeas petition, any subsequent petition filed by the prisoner must be limited to the claims raised in the first petition.  Alternatively, the Attorney General alleged there was no merit to the petitioner's substantive allegations.

Following receipt of affidavits addressed to the substantive claims and following argument of counsel, the trial court denied the habeas petition.  The court ruled that the petition was procedurally barred and that the substantive claims had no merit.  We awarded the prisoner this appeal from the trial court's December 1999 order dismissing the petition.

On appeal, the prisoner contends the trial court erred by dismissing the petition as a second or subsequent petition when

the initial petition "merely challenged Dorsey's time computation, and was voluntarily withdrawn." The prisoner also contends the trial court erred in dismissing his substantive claims.

We disagree with the prisoner on the procedural issue. Thus, we do not reach the substantive questions.

Code § 8.01-654(B)(2) provides:

"[A petition for habeas corpus] shall contain all allegations the facts of which are known to petitioner at the time of filing and such petition shall enumerate all previous applications and their disposition. No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition."

The statutory language is plain and unambiguous, clearly limiting the right of a prisoner to file successive petitions for writs of habeas corpus. The key provisions of this statutory language focus on "the time of filing" the first habeas petition.

The statutory language could not be more explicit; it means what it says. At the time of filing the initial petition, the prisoner must include "all" claims the facts of which are known to the prisoner. And, no habeas relief will be granted based upon "any" allegation the facts of which the prisoner had knowledge at the time of filing any previous petition.

In this case, the significant facts are that the prisoner filed a prior habeas petition that was withdrawn pursuant to his motion. The prior petition only challenged the computation of goodtime credits relating to his March 1987 felony sentences.

In the present petition, the prisoner does not attack again the time computation. Instead, he mounts seven new challenges to his detention, the facts of which he is bound to have had knowledge "at the time of filing" the first petition.

Code § 8.01-654(B)(2) bars this subsequent habeas petition raising new claims relating to the March 1987 judgment that never were raised in the prior petition. Because the prior petition was voluntarily withdrawn, the prisoner was entitled to file another petition. However, that second petition was required to have been limited to the ground assigned in the first petition and could not include new and different allegations relating to the March 1987 judgment.

Consequently, we hold that the trial court did not err in dismissing the present habeas petition as procedurally barred, and the judgment below will be

Affirmed.

JUSTICE LEMONS, concurring.

Despite results that are undoubtedly harsh and despite inconsistency with prior practice of the Court, I must concur with the majority opinion. As the majority opinion states, the

4

text of § 8.01-654(B)(2) "could not be more explicit." In the absence of legislative history or context that suggests otherwise, the plain meaning of the text must guide our statutory interpretation.

The majority opinion holds that:

> At the time of filing the initial petition, the prisoner must include "all" claims the facts of which are known to the prisoner. And, no habeas relief will be granted based upon "any" allegations the facts of which the prisoner had knowledge at the time of filing any previous petition.

The majority opinion changes prior practice and interpretation of the Court. For example, the Court previously has granted a first petition for writ of habeas corpus alleging only that counsel failed to file an appeal in a timely manner. Thereafter, after an unsuccessful appeal, and despite the prisoner's failure to allege any other basis for the first petition, the Court has permitted a second petition alleging trial-related claims.

If a prisoner were to challenge by petition for writ of habeas corpus only the conditions of confinement or the calculation of credits for time served in a local jail, the majority opinion will preclude a second petition that raises trial-related claims for the first time. Finally, as in this case, a prisoner permitted to withdraw a petition prior to adjudication will be precluded from refiling on any basis other

5

than those alleged in the withdrawn petition. Previously, the Court has permitted such withdrawal "without prejudice" and has considered refiled petitions adding additional claims.

Arguably, so long as the statute of limitations has not expired, the majority opinion would permit the amendment of a petition to add new claims, a practice previously permitted by the Court, but prohibit the withdrawal of a petition and refiling with new claims. The distinction between the two procedures is without practical significance.

The hypotheticals posited above reflect the consequences of the plain meaning of the text of Code § 8.01-654. If, as suggested by the dissent, the General Assembly did not intend such results, it, most likely, will reconsider the provisions of the statute.


JUSTICE KOONTZ, dissenting.

I respectfully dissent. I have long labored under the impression that there could be no dispute that "to withdraw" a legal pleading, such as a petition for a writ of habeas corpus, essentially meant to remove or eliminate the pleading from consideration by a court; the pleading becomes a nullity. Today, however, the majority in this appeal concludes that a "voluntarily withdrawn" 1993 petition nevertheless constitutes a "first petition" that causes a 1999 petition to become a "second

6

petition" for purposes of the prohibition against "successive" habeas petitions under Code § 8.01-654(B)(2).  In my view, the majority breathes new life into that which has been nullified, and by an unwarranted narrow application of this statute defeats a merits adjudication of Micah Laval Dorsey's 1999 claims.

Although Code § 8.01-654 makes no reference to, or provision for, a habeas petition being voluntarily withdrawn by a prisoner, we granted Dorsey's motion to withdraw his 1993 petition which raised a claim that he was being denied the proper amount of "goodtime credits" relevant to a determination of his discretionary parole eligibility date.  We ordered that this petition be considered "withdrawn."  No adjudication of the merits of that petition was made.  Thus, the majority now properly holds that because the 1993 petition was withdrawn, Dorsey "was entitled to file another petition" in 1999.  Yet, the majority further holds that the language in subsection (B)(2) that "[n]o writ shall be granted on the basis of any allegations of facts of which petitioner had knowledge at the time of filing any previous petition" defeats consideration of the merits of the allegations in the petition Dorsey is permitted to file.  This is so, the majority reasons, because Dorsey is bound to have had knowledge of the facts regarding his detention that are alleged in his 1999 petition at the time of filing the 1993 petition.

I can find nothing in the statutory language of Code § 8.01-654, and specifically subsection (B)(2), that even suggests a legislative intent that supports the reasoning of the majority. Rather, Code § 8.01-654 surely contemplates that a timely habeas petition filed by a prisoner receive a merits adjudication. Treating claims that are obviated without an adjudication on the merits as a bar to hearing all other claims on the merits is inconsistent with this legislative intent. Moreover, the prohibition against the so-called "successive" petitions is clearly intended to bring finality to judgments of criminal convictions or sentences and to prevent a prisoner from creating undue delay in the process of collateral review of those judgments. That purpose is not hindered by declining to treat a voluntarily withdrawn habeas petition as a first or prior petition for purposes of concluding that the present petition is a second or successive petition.

Finally, although the federal habeas scheme is different from that expressed in Code § 8.01-654(B)(2), it bears noting that apparently under the federal rule regarding the prohibition against successive habeas petitions a different result would be mandated in the present case. See Slack v. McDaniel, 529 U.S. 473, 487 (2000) (prior habeas petition unadjudicated on the merits is not a prior petition triggering the bar on subsequent or successive petitions for habeas relief).

For these reasons, I would hold that Code § 8.01-654(B)(2) has no application to Dorsey's 1999 habeas petition because his 1993 petition was voluntarily withdrawn without a merits adjudication and, thus, the 1999 petition was not a second or successive petition contemplated by that statute.  Accordingly, I would further consider the merits of the allegations in Dorsey's 1999 petition.